**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **TERESITA A. CANUTO,** |
| Plaintiff, |
| v. |
| **DEPARTMENT OF JUSTICE**, |
| Defendants. |

No. 25-cv-3708

**OPINION & ORDER**

Plaintiff Teresita A. Canuto, proceeding *pro se*, alleges that she was sexually assaulted 1,411 times by members of the U.S. Army and Navy.  Am. Compl. at 3–4, ECF No. 3.  Canuto asserts that each time she moves apartments, members of the military break into her new residence "on the first or second night;" place her and her family into "deep sleep or unconscious[ness];" attack her; and then steal her "photo album[s], copies of life insurance policy, [and] paper birth records" before leaving.  *Id.* at 17–19.  Canuto brings claims under the Federal Tort Claims Act ("FTCA") against the Department of Justice, alleging that its attorneys negligently failed to stop the assaults.  *See id.* at 20–22.  Canuto previously filed a nearly identical FTCA lawsuit against the Department of Justice, which a different court in this District dismissed for lack of subject-matter jurisdiction.  *See Canuto v. Dep't of Just.*, No. 22-cv-3538, 2024 WL 519560 (D.D.C. Feb. 9, 2024).

Although "*pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the court has subject-matter jurisdiction."  *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 366 (D.D.C. 2020) (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 3 (D.D.C. 2009)).  Federal courts lack subject-matter jurisdiction

over any claim that is "patently insubstantial," such that it "present[s] no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims . . . if they are . . . wholly insubstantial . . . . (cleaned up)). Claims qualify as "patently insubstantial" if they rely on "any bizarre conspiracy theories." *Best*, 39 F.3d at 330.

Plaintiff's Amended Complaint is premised on the bizarre theory that, over the course of nine years, members of the military have conspired to break into every residence she has moved into on her first or second night there to drug her and her family into deep sleep, sexually assault her, and then steal "photo album[s], copies of life insurance policy, [and] paper birth records" before leaving. Am. Compl. at 17–19. Plaintiff further alleges that this conspiracy has resulted in her being sexually assaulted by members of the military 1,411 times. *Id.* at 3–4. The Amended Complaint offers no evidence for these assertions, except for the allegation that she has mysterious bruises and an STD, which had to have been caused by the alleged assaults because Canuto "practice[s] clean living and does not smoke, does not drink and does not use drugs." Am. Compl. at 19. The allegations in the Amended Complaint are so "doubtful or questionable" that they render Plaintiff's claims patently insubstantial. *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536–37). The court will therefore dismiss the Amended Complaint for lack of subject-matter jurisdiction.

In the alternative, the court lacks subject-matter jurisdiction because "the government's alleged negligence falls within the discretionary function exception to the Federal Tort Claims Act," to which the FTCA's "waiver of sovereign immunity does not extend." *Canuto*, 2024 WL 519560, at *2. The purported failure of government attorneys to prosecute Canuto's alleged

assailants goes "to the heart of the discretionary function exception." *Id.*; *see also Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) ("Deciding whether to prosecute [is] quintessentially discretionary."). Because the "discretionary function exception is a barrier to subject matter jurisdiction," *Loughlin v. United States*, 393 F.3d 155, 162 (D.C. Cir. 2004), the court would dismiss the Amended Complaint on this alternative basis even if Plaintiff's claims were not patently insubstantial.

Finally, even if the court had subject-matter jurisdiction, Plaintiffs' claims would be barred by *res judicata*. Because *res judicata* is a doctrine of judicial economy that "belongs to courts as well as litigants," courts may raise "the issue *sua sponte*." *Stanton v. D.C. Ct. of App.*, 127 F.3d 72, 77 (D.C. Cir. 1997). Under the doctrine of *res judicata*, "a final judgment on the merits" in a prior suit bars the same parties or their privies "from relitigating issues that were or *could have been raised*" in the earlier action. *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Whether a claim could have been raised turns on whether it involves the same "nucleus of facts" as the claim or claims brought in the prior suit. *Id.* (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). A court in this district has already dismissed FTCA claims against the Department of Justice for failure to prosecute the alleged participants in the conspiracy against Canuto. *See Canuto*, 2024 WL 519560, at *2. She alleges no new facts that would change that court's legal analysis.

Accordingly, it is hereby **ORDERED** that the Amended Complaint, ECF No. 3, is **DISMISSED**. The Clerk of the Court shall close this case.

Date: November 20, 2025

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge